1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELIZABETH C.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

CASE NO. C20-5025-BAT

**ORDER REVERSING AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS**

13      Plaintiff appeals the denial of her application for Supplemental Security Income. She

14  contends the ALJ erred by (1) concluding that plaintiff could perform light work although all

15  medical opinions were to the contrary; (2) relying on the opinions of non-examining state agency

16  consultants over that of a psychological consultative examiner; (3) not providing clear and

17  convincing reasons for rejecting Ms. Carter's testimony; and (4) not providing germane reasons

18  for rejecting the lay testimony. Dkt. 27. The Court **REVERSES** the Commissioner's final

19  decision and **REMANDS** the matter for further administrative proceedings under sentence four

20  of 42 U.S.C. § 405(g).

21                          **BACKGROUND**

22      Plaintiff is currently 37 years old, graduated from high school, and has not worked since

23  she was injured on her job as a caregiver in 2005. Tr. 38, 45. In a 2011 decision, an ALJ rejected

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 1

plaintiff's prior application for benefits, assessing a residual functional capacity ("RFC") of sedentary work with additional physical and mental restrictions. Tr. 28. Plaintiff filed her current application in 2016, alleging disability beginning August 1, 2015. Tr. 15. In November 2018, the ALJ determined that plaintiff had rebutted the *Chavez* presumption of non-disability because she had shown changed circumstances, specifically new impairments since the last decision. Tr. 15; *see Chavez v. Bowen*, 844 F.2d 691 (1988); AR 97-4(9) (SSA) (Dec. 3, 1997), *available at* 1997 WL 742758. The ALJ determined that plaintiff has the severe impairments of bilateral foot degenerative joint disease, diabetic neuropathy, obesity, and major depressive disorder. Tr. 17. The ALJ assessed an RFC of light work with additional physical and mental restrictions. Tr. 19–20. Acknowledging that plaintiff had no past relevant work, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff could perform. Tr. 27. The ALJ therefore concluded that plaintiff has not been disabled since the date of her September 2016 application. Tr. 28. Because the Appeals Council declined review, the ALJ's decision is the Commissioner's final decision. Tr. 1–3.

## DISCUSSION

The Court will reverse the ALJ's decision only if it was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

The Court reverses and remands for further administrative proceedings because, contrary to *Chavez* and the SSA's acquiescence ruling, the ALJ failed to give "some res judicata

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

consideration" to the 2011 ALJ's assessment of a restriction to a physical RFC of sedentary work. *See Chavez*, 844 F.2d at 694; AR 97-4(9), 1997 WL 742758, at \*2–\*3. The Court also finds that the ALJ committed legal error by failing to give res judicata consideration to the 2011 ALJ's assessment of mental RFC. However, the Court declines to address whether the ALJ's handling of mental RFC constitutes harmless error so the ALJ can address it for the first time on remand using the proper framework. The Court does not reach plaintiff's challenges to the ALJ's evaluation of her testimony and that of her mother so that the ALJ can evaluate the testimony in light of the 2011 RFC and medical and other evidence from the relevant period.

**1.   Current RFC of Light Work Versus 2011 RFC of Sedentary Work**

Contrary to *Chavez* and the SSA's acquiescence ruling, the ALJ failed to give "some res judicata effect" to the ALJ's 2011 physical RFC assessment of sedentary work with additional restrictions by failing to cite new, material evidence that justified a physical RFC of light work. The Court reverses and remands to correct this harmful error of law.

In 2011, the ALJ assessed the following RFC:

> [T]he residual functional capacity to lift and carry 10 pounds, and she can sit for 6 hours in an 8-hour workday and stand or walk for 2 hours in an 8-hour workday. The claimant needs the option to stand every 30 minutes briefly to alleviate discomfort, but she can occasionally perform all postural limitations. She should avoid hazards and vibrations and concentrated exposure to extreme cold temperatures. The claimant is limited to simple, repetitive tasks and minimal interaction with the general public.

Tr. 100. In the current decision, the ALJ changed the physical RFC from what amounted to sedentary work to light work, and eliminated the restrictions of sitting for six hours in an eight-hour workday, standing or walking for two hours in an eight-hour workday, and needing the option to stand every 30 minutes:

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 3

> [C]laimant has the residual functional capacity to perform light
> work . . . except as follows. She can occasionally climb ladders,
> ropes or scaffolds. She can occasionally crawl. She can
> occasionally tolerate exposure to vibration and extreme cold
> temperatures. She can understand, remember, and apply short and
> simple instructions. She can perform routine, predictable tasks. She
> can make simple decisions. She can work in an environment that
> does not require fast-paced production. She can tolerate occasional
> workplace changes and occasional interaction with the public.

Tr. 19–20.

Neither party challenges the ALJ's ultimate ruling that the 2011 ALJ decision of non-disability is not entitled to res judicata effect because plaintiff established the existence of new severe impairments, which constituted "changed circumstances." Tr. 15; *see Chavez*, 844 F.2d at 693 (The claimant, in order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, must prove 'changed circumstances' indicating a *greater* disability.") (emphasis added). Presumably, the ALJ was referring to bilateral foot degenerative joint disease as the new severe impairment because he omitted other severe impairments found in the 2011 decision: chronic lumbar strain, lumbar stenosis/degeneration, personality disorder with borderline antisocial traits, learning disorder, and anxiety. *Compare* Tr. 17 *with* Tr. 97. However, the ALJ committed reversible error by failing to give res judicata effect to the RFC findings in the 2011 ALJ decision. *See Chavez*, 844 F.2d at 694 ("The first administrative law judge's findings concerning the claimant's residual functional capacity, education, and work experience are entitled to some res judicata consideration in subsequent proceedings."); AR 97-4(9), 1997 WL 742758, at *3 ("If the claimant rebuts the presumption, adjudicators then must give effect to certain findings . . . contained in the final decision by an ALJ or the Appeals Council on the prior claim, when

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 4

adjudicating the subsequent claim. For this purpose, the Ruling applies only to a finding of a

claimant's residual functional capacity . . . .").

The ALJ did not consider whether the prior RFC needed to be revised in light of the new

evidence even though the least restrictive medical opinion in the current record endorsed the

2011 physical RFC restricting plaintiff to sedentary work with additional limitations on standing,

walking, and sitting. In June 2017, reviewing state agency physician Greg Saue, M.D., opined

that, consistent with the prior ALJ's assessment of a sedentary RFC, plaintiff could stand or walk

for a total of two hours, and could sit for about six hours in an eight-hour workday. Tr. 137–38;

*see also* Tr. 120–21 (single decision maker ["SDM"] opining that *Chavez* applied, plaintiff was

restricted to lifting only ten pounds occasionally, could stand or walk for two hours, and could sit

about six hours in an eight-hour workday). Dr. Saue based those exertional limitations on

plaintiff's diabetes mellitus with peripheral neuropathy. Tr. 138; *see also* Tr. 120 (SDM opining

that exertional limitations were based on diabetes mellitus and obesity).

None of the reasons cited by the ALJ for discounting plaintiff's testimony—all made

without reference to the 2011 RFC—can be reasonably construed as being based on new,

material evidence demonstrating that plaintiff is no longer restricted to sedentary work with

additional limitations on standing, walking, and sitting. Tr. 25. First, the ALJ referred to two

instances in which plaintiff was observed with a normal gait. Tr. 25 (citing Tr. 327, 382). In the

first instance, although a normal gait was noted, plaintiff had presented with, and the clinician

observed, back pain, tenderness, and a limited range of motion reported to have worsened over

the course of 11 years. Tr. 327. In the second instance, plaintiff had checked into the emergency

room due to a worsening cough and congestion, and plaintiff was observed to "amb[ulate] to

triage with steady gait."  Tr. 382. Second, the ALJ noted that plaintiff had turned down a referral

to a physical therapist, preferring instead to continue working out at her own gym. Tr. 25 (citing Tr. 328); *see* Tr. 21. Third, the ALJ stated that the standing and walking limitations were "inconsistent with evidence showing only brief podiatry treatment in March and April 2017 with no follow up after she obtained her custom orthotic shoe inserts." Tr. 25 (citing Tr. 370–79). None of the examples cited by the ALJ addressed the 2011 physical RFC that limited plaintiff to lifting and carrying only ten pounds, sitting for six hours in an eight-hour workday, standing or walking for two hours in an eight-hour workday, and needing the option to stand every 30 minutes. Tr. 100. In addition, none of the examples cited by the ALJ addressed Dr. Saue's opinion that the exertional limitations on sedentary work were necessitated by diabetes mellitus with peripheral neuropathy or the SDM's opinion that such limitations were also necessitated by obesity. Tr. 120, 138. Furthermore, the ALJ failed to explain how the new severe impairment of bilateral foot degenerative joint disease—a condition not evaluated in 2011 when a more restrictive RFC was assessed— both could demonstrate *greater* disability thereby overcoming the *Chavez* presumption of non-disability, and could demonstrate that plaintiff had *fewer* exertional limitations than she did in 2011. The ALJ's apparent presumption that *all* limitations on standing and walking had been eliminated by the improvement in her foot condition—a condition neither diagnosed nor discussed in the 2011 decision—is unsupported by the record.

This case does not resemble the circumstances in *Alekseyevets v. Colvin*, 524 Fed. Appx. 341, 344 (9th Cir. 2013), in which the Ninth Circuit affirmed because the ALJ considered new medical information and revised the claimant's RFC based on recent medical evaluations and results. Rather, this case resembles *Drake v. Saul*, 805 Fed. Appx. 467, 468–69 (2020), in which the Ninth Circuit determined that the ALJ had committed reversible error by failing to give res judicata effect to the RFC findings in the earlier ALJ decision and it was unclear on the existing

1    record whether the ALJ would still have found the claimant not disabled if the earlier RFC

2    findings had been incorporated. Here, although at the hearing the ALJ inquired about sedentary

3    jobs available in the national economy, he did not ask the vocational expert about sedentary work

4    further limited by the 2011 RFC of sitting for six hours in an eight-hour workday, standing or

5    walking for two hours in an eight-hour workday, and needing the option to stand every 30

6    minutes. *See* Tr. 87–88. No reasonable interpretation of the medical evidence cited by the ALJ

7    demonstrates that plaintiff no longer was limited by the 2011 RFC of sedentary work with

8    additional restrictions on standing, walking, and sitting.

9            The Commissioner acknowledges that no medical opinion corresponds with the assessed

10   RFC but argues that the ALJ cited substantial evidence to showed that plaintiff's physical

11   conditions improved such that she could perform the demands of light exertional work during the

12   relevant period. Dkt. 28, at 8, 12. In doing so, the Commissioner argues that instead of following

13   *Chavez* and AR 97-4(9), the ALJ was correct to follow the SSA policy employed *outside of the*

14   *Ninth Circuit* that provides that there is no administrative res judicata and the ALJ is required to

15   consider all issues and facts de novo in determining an unadjudicated period. Dkt. 28, at 9 (citing

16   portion of AR 97-4(9) referring to SSA policy outside of the Ninth Circuit). That is, the

17   Commissioner *declines* to follow the plain language of *Chavez* and its own Acquiescence Ruling

18   that provides that *within the Ninth Circuit* an ALJ "must" give res judicata effect to prior

19   determinations regarding RFC "unless there is new and material evidence relating to such a

20   finding or there has been a change in the law, regulations or rulings affecting the finding or the

21   method for arriving at the finding." AR 97-4(9), 1997 WL 742758, at *3. The Court declines to

22   reject Ninth Circuit authority and the Commissioner's own Acquiescence Ruling involving cases

23   in our circuit. Given there has been no change in the law, regulations, or rulings affecting the

1   ALJ's decision, the ALJ was required to give the 2011 RFC determination res judicata effect

2   unless new and material evidence showed otherwise. *See id.* Neither the ALJ nor the

3   Commissioner has given res judicata effect to the 2011 RFC or demonstrated that new and

4   material evidence demonstrates that plaintiff is now capable of light work and fewer restrictions

5   than the past determination of sedentary work with significant limitations on standing, walking,

6   and sitting.

7           The Commissioner takes pains to note that plaintiff has presented at times with a normal

8   gait and unremarkable examination findings. Dkt. 28, at 7 (citing Tr. 309, 327, 333, 339, 345,

9   352, 358, 361, 371, 375, 381, 439, 447, 454 467, 472, 477, 482, 501). None of those examination

10  notes address functional capacity, lifting ability, or restrictions on standing, walking, or sitting.

11  Moreover, in one of the two references cited by the ALJ for the proposition of a normal gait, the

12  clinician was examining plaintiff based on complaints of worsening back pain over the course of

13  11 years, and observed pain, tenderness, and a limited range of motion in the lumbar back region.

14  Tr. 25; Tr. 327. The Commissioner also argues that Dr. Saue actually assessed an RFC between

15  sedentary and light by suggesting plaintiff could occasionally lift 20 pounds such that the ALJ

16  was justified in rejecting Dr. Saue's other restrictions on standing, walking, and sitting, and

17  accepting his lifting restriction that amounted to light work. Dkt. 28, at 9–11. Beyond clearly

18  violating *Chavez* and AR 97-4(9), that argument is unpersuasive for two reasons. First, the ALJ

19  indicated no medical evidence that suggested the amount of weight that plaintiff could lift.

20  Second, Dr. Saue himself provided no reason for suggesting that plaintiff could lift 20 pounds

21  occasionally rather than the 10 pounds indicated by the 2011 RFC and the SDM's assessment.

22  *Compare* Tr. 137 *with* Tr. 100 *and* Tr. 120. In fact, Dr. Saue specifically referred to

23  musculoskeletal issues, loss of protective sensation to the distal feet, diabetic polyneuropathy,

arthritis in the feet and ankles, and deformities in the feet before twice pronouncing that, consistent with the 2011 RFC, plaintiff was limited to sedentary work. Tr. 133–34, 138. While the Commissioner argues that Dr. Saue intended to opine that plaintiff could lift 20 pounds occasionally, it would be more consistent with his own opinion and the record to infer that the "20" pounds was a typographical error and that he meant to agree with the 2011 RFC and SDM evaluation that plaintiff could lift only 10 pounds and was restricted to sedentary work.

The Court finds that the Commissioner committed harmful legal error by failing to give "some res judicata consideration" to the 2011 ALJ's assessment of a physical RFC of sedentary work with additional limitations on standing, walking, and sitting.

### 2.   Other Issues

Plaintiff argues that the ALJ should not have favored the opinions of reviewing state agency psychologists Edward Beaty, Ph.D., and Richard Borton, Ph.D., over the examining opinion of Robin H. Ballard, Ph.D., because Drs. Beaty and Borton had erroneously given *Chavez* res judicata effect to the 2011 RFC without adequately considering Dr. Ballard's opinion and most of the mental-health records. Dkt. 27, at 8. The Court finds, however, that the ALJ's legal error with respect to mental RFC was the same as the one made regarding physical RFC: the ALJ erred by failing to give "some judicata effect" to the 2011 mental RFC before then considering whether new and material evidence—such as Dr. Ballard's opinion and mental-health records for the relevant period—demonstrated greater or lesser restrictions in mental RFC.[1] *See Chavez*, 844 F.2d at 694; AR 97-4(9), 1997 WL 742758, at *2–*3. Because this

---

[1] Examining psychologist Dr. Ballard opined marked limitations in social interaction, poor ability to adapt to changing circumstances, failure to function independently, marked limitations in learning and retaining work-related tasks, and moderate limitations in plaintiff's ability to attend work consistently. Tr. 369. An ALJ would need to address such new and material

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 9

matter is already being remanded on the question of physical RFC, the Court declines to reach whether this error was harmless so that the ALJ may be the first adjudicator to review plaintiff's mental RFC by employing the framework set forth in *Chavez* and AR 97-4(9).

The Court also declines to address plaintiff's challenge to the ALJ's evaluation of her testimony and her mother's testimony so that on remand the ALJ may reevaluate that testimony in light of proper consideration of RFC, the medical record, and any step of the sequential analysis from step two onward.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reevaluate RFC, the medical record, testimony, and any step of the five-step sequential analysis from step two onward; afford a new hearing; and permit, if needed, any supplemental evaluations of mental or physical RFC.

DATED this 7th day of January, 2021.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

---

evidence of mental RFC with specific reference to medical evidence from the relevant, unadjudicated period.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 10